UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

J & S SERVICE,

Plaintiff,

v.

CHRIST[Y] PETERS,

Defendant.

Civil No. 00-1579 (ADM/AJB)

**REPORT AND RECOMMENDATION**

THIS MATTER is before the undersigned United States Magistrate Judge on Plaintiff's pro se "Application To Proceed Without Prepayment of Fees" (Docket No. 3), by which Plaintiff is seeking permission to proceed in forma pauperis ("IFP"), as permitted by 28 U.S.C. § 1915(a)(1).[1] The matter has been referred to the undersigned for report and recommendation under 28 U.S.C. § 636 and Local Rule 72.1(c). For the reasons stated below, it is recommended that Plaintiff's IFP application be denied, and that the action be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed.R.Civ.P. 12(h)(3).

An IFP application will be denied and the action dismissed when a plaintiff has filed a complaint that fails to state a claim on which relief may be granted. 28 U.S.C. §

[1] The documents of record in this case identify the Plaintiff only as "J&S Services." It is not clear whether J&S Services is a trade name used by some individual (who is not otherwise identified in the record), or whether J&S Services is a separate legal entity -- perhaps a corporation, for example. If Plaintiff is not an individual human being, the present IFP application would have to be summarily denied, because only individuals – not corporations, organizations or other legal entities – can be granted IFP status under 28 U.S.C. § 1915(a). Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 196 (1993) ("only a natural person may qualify for treatment in forma pauperis under § 1915"). For present purposes, however, the Court will assume that Plaintiff is an individual doing business under the trade name "J&S Services."

FILED JUL 0 6 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

1915(e)(2)(B)(ii); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996)(per curiam).[2]

In this case, the substantive allegations in Plaintiff's complaint, quoted verbatim, are as follows:

> "Adjudication of federal benefits, personal property, real property rights, as [?] lease contrat [sic] U.S. Code Title 38, section 5301, & more. [¶] Adjudication of federal benefits. Lease contract, time of [?] personal property. Seeking restraining order(s) at this time + time to acquire attorney for help. Several other people not to trespass with in 200 feet of lease contract. 90 days time, at this time."

While a pro se pleading is to be liberally construed, it still must allege facts, which if proven true, would entitle the plaintiff to some legal relief against the named defendant(s). Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law") (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (1985) ('[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). The instant complaint contains no such factual allegations.

---

[2] Section 1915(e)(2) was enacted as part of the Prison Litigation Reform Act of 1995 (Pub.L. No. 104-134, 110 Stat. 1321 (1996)) ("the PLRA"). It replaces § 1915(d), which authorized the dismissal of an IFP complaint only if it was found to be "frivolous." Neitzke v. Williams, 490 U.S. 319, 325 (1989) (holding that a complaint is "frivolous" and therefore subject to dismissal under § 1915(d) "where it lacks an arguable basis either in law or in fact"). Section 1915(e)(2), which is applicable to all cases filed after April 26, 1996, (the effective date of the PLRA), provides for dismissal of IFP cases not only where the complaint is "frivolous," (§ 1915(e)(2)(B)(i)), but also where it "fails to state a claim on which relief may be granted" (§ 1915(e)(2)(B)(ii)).

With the enactment of § 1915(e)(2)(B)(ii), it is no longer necessary for the Court to determine whether the instant complaint is "frivolous." Nevertheless, the Court notes that even under that old standard the instant complaint would be dismissed, as plaintiff has not made "any rational argument in law or fact entitling him to relief." Williams v. White, 897 F.2d 942, 944 (8th Cir. 1990).

The complaint in this case is fatally defective, because it does not adequately describe who the named Defendant is, or what the Defendant allegedly did or failed to do that might cause him to be liable to Plaintiff. The complaint does not include any factual allegations describing any specific historical events, or any specific acts or omissions attributable to Defendant. Thus, even with the benefit of liberal construction that is required in pro se cases, it is readily apparent that Plaintiff has failed to state any claim on which relief can be granted.

Furthermore, the complaint does not adequately identify any legal grounds for granting relief to Plaintiff. Although the complaint includes a vague allusion to "federal benefits" and 38 U.S.C. § 5301, Plaintiff has not adequately described any federal legal principle or theory on which a claim against Defendant could be based.[3] For this additional reason, the complaint fails to state an actionable claim for relief. Moreover, because Plaintiff has not explained how this case involves any federal legal issue, there does not appear to be any grounds for subject matter jurisdiction in this case under 28 U.S.C. § 1331. Federal jurisdiction cannot be invoked based on diversity of citizenship, (see 28 U.S.C. § 1332), because it appears that both Plaintiff and Defendant are Minnesota residents. The case is therefore subject to dismissal pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction.[4]

---

[3] 38 U.S.C. § 5301 pertains to veterans' benefits, but the complaint offers no clue as to how Defendant (who apparently is a private citizen) could have any legal responsibility for ensuring that any such benefits are provided to Plaintiff.

[4] According to Fed. R. Civ. P. 12(h)(3), "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

Finally, the Court notes that Plaintiff has filed an unsupported "Motion For Request For Tempory [sic] Restraining Order." (Docket No. 2.) Because Plaintiff's lawsuit must be dismissed for failure to state an actionable claim for relief, it is recommended that the request for a temporary restraining order be summarily denied.

RECOMMENDATION

Based upon the foregoing and all of the files, records and proceedings herein,

IT IS HEREBY RECOMMENDED that:

1. Plaintiff's "Application to Proceed Without Prepayment of Fees," (Docket No. 3), be DENIED;

2. Plaintiff's "Motion For Request For A Tempory [sic] Restraining Order" be DENIED; and

3. This action be summarily DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and Fed.R.Civ.P. 12(h)(3).

Dated: July 6th, 2000

ARTHUR J. BOYLAN
United States Magistrate Judge

Pursuant to Local Rule 72.1(c)(2), any party may object to this report and recommendation by filing with the Clerk of Court and serving all parties, within ten days after being served with a copy thereof, written objections which specifically identify the portions of the proposed findings, recommendations or report to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief with ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.